NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2542-14T1
 A-1188-15T1

D.G., n/k/a
D.H.,

 Plaintiff-Appellant,

v.

R.G.,

 Defendant-Respondent.
_____________________________

 Argued May 18, 2017 – Decided July 14, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Mercer County,
 Docket No. FM-11408-13.

 D.H., appellant, argued the cause pro se.

 Lindsey Moskowitz Medvin argued the cause for
 respondent (Szaferman, Lakind, Blumstein &
 Blader, P.C., attorneys; Ms. Moskowitz Medvin,
 of counsel and on the briefs).

PER CURIAM

 In these back-to-back appeals, plaintiff appeals from a

December 10, 2014 order appointing a therapist for the parties'
son, as well as an August 27, 2015 order addressing numerous

prayers for relief raised by both plaintiff and defendant. We

affirm the December 10, 2014 order; however, we are constrained

to remand the August 27, 2015 order for a statement of reasons.

 Plaintiff and defendant were married in May 2001 and had

multiple children. On July 24, 2013, the court entered a dual

final judgment of divorce incorporating a marital settlement

agreement (agreement). Pursuant to the agreement, the parties

shared joint legal custody, and plaintiff had primary residential

custody of the children. Defendant agreed to pay child support

of $385 bi-monthly, and was responsible for providing medical and

dental insurance for the children. Unreimbursed medical expenses

were to be paid in proportion to the parties' net incomes with

defendant responsible for fifty-three percent and plaintiff forty-

seven percent of the payments.

 After the parties' divorce, a guidance counselor recommended

the parties' child engage in therapy. On December 20, 2013,

defendant moved to compel plaintiff to cooperate with arranging

counseling for the child and to pay her share of the counseling

in accordance with the parties' agreement. On January 10, 2014,

the trial judge granted defendant's motion.

 Despite the court order, the child did not receive counseling;

therefore, defendant moved on April 25, 2014, to hold plaintiff

 2 A-2542-14T1
in contempt for noncompliance with the court's January 10, 2014

order. According to defendant's motion, plaintiff rejected

defendant's suggested therapists because she did not have enough

advance notice of the therapy appointments, had not reviewed the

therapist's qualifications, or the therapist was out of network.

The court denied defendant's motion on May 2, 2014, but ordered

the parties to work collaboratively to ensure the child was in

therapy as soon as possible. Additionally, the court appointed a

guardian ad litem (GAL) to prepare a report for the court about

all the children.

 The GAL issued her report in October 2014. At that time, the

parties had still not agreed upon a therapist to address their

child's needs, and the GAL suggested another child could benefit

from similar counseling. The GAL recommended the court order

defendant and plaintiff to attend mediation and remain in the

courthouse until both parents agreed upon a therapist. The GAL

suggested both parties bring a list of therapists to mediation to

avoid court appointment of a therapist, as plaintiff expressed

concerns over the affordability of a court appointed-therapist.

However, if no agreement ensued, the GAL recommended the court

appoint a therapist, order defendant to pay the entirety of the

bill, and order defendant's child support payments reduced

commensurate to the amount of plaintiff's proportionate share.

 3 A-2542-14T1
 After an unsuccessful mediation session on December 10, 2014,

the parties appeared before the trial judge for case management.

Counsel for defendant told the judge the issue between the parties

was whether or not the counselor should have a Ph.D., and whether

the counselor should be in-network in order to reduce costs.

Counsel informed the court the GAL found and approved a qualified

psychologist with a Ph.D.; however, the psychologist was out-of-

network. Defendant tried unsuccessfully to find a suitable

healthcare provider in-network. According to defendant, his

insurance provider provides limited reimbursements per session to

a mental health professional, and he could not find a qualified

psychologist in-network. Plaintiff, dissatisfied with defendant's

choice, asserted dire financial circumstances due to unemployment.

She claimed she could not even afford to send the parties' youngest

child to daycare, and that her home was in foreclosure.

 The judge informed plaintiff she would have to make certain

arrangements, such as obtaining a job, because based upon the

GAL's report the children needed therapy. The judge concluded the

conference, but ordered them to remain in the courthouse until

they could agree upon a plan for the children's therapy.

 After a recess, the court re-opened the record; however,

plaintiff was absent. According to defendant's counsel, he

provided plaintiff with a list of qualified psychologists and told

 4 A-2542-14T1
her he and defendant would be going across the street for coffee.

When they returned later, plaintiff was nowhere to be found.

Plaintiff texted defendant informing him she would be gone for

twenty minutes but later texted she would be gone for an hour.

Defendant's counsel informed the judge plaintiff left the

courthouse. Defendant texted plaintiff, informing her the judge

instructed she return to the courthouse in ten minutes. Plaintiff

responded she was making phone calls and would be back in five

minutes. When the judge went back on the record, plaintiff was

not present.

 The judge entered an order assigning defendant's choice of

psychologist and ordering defendant to pay for the cost.

Defendant's child support payments were reduced by the amount of

plaintiff's contribution for unreimbursed medical costs.

Additionally, the court ordered plaintiff to cooperate with

defendant and ensure the children attend the sessions with the

psychologist.

 Plaintiff moved to stay the December 10, 2014 order.

Following oral argument, the trial judge denied the stay. An

appeal of that order followed.

 Shortly thereafter, on December 22, 2014, plaintiff filed an

omnibus motion raising thirty prayers for relief. Defendant filed

a cross-motion, and plaintiff filed an additional motion to enforce

 5 A-2542-14T1
litigants' rights. Argument for these new motions was scheduled

for February 20, 2015.

 On or about January 30, 2015, plaintiff hired counsel. Oral

argument on the motions were adjourned without a date. Plaintiff

filed another motion requesting the court clarify the December 10,

2014 order, defendant pay child support and alimony on a timely

basis, and that defendant pay plaintiff $1275.51 in arrears.

 On August 27, 2015, the trial judge issued an order addressing

all fifty-one items of relief requested in the aggregate by both

parties. Among other things, the judge ordered plaintiff to

cooperate with effectuating the children's counseling.

Additionally, the judge granted defendant temporary primary

physical and residential custody of one of the children pending

an evaluation. Each item of relief ordered by the judge was set

forth in a separate paragraph in the order. Immediately following

the sentence identifying the specific relief ordered, the judge

added an explanation for the relief ordered. However, the

explanation was just a few words and far too brief to communicate

the court's reasons for providing the subject relief. Plaintiff

subsequently moved for reconsideration of the August 27, 2015

order.

 On October 30, 2015, the court heard oral argument on

plaintiff's motion for reconsideration. Plaintiff had new counsel

 6 A-2542-14T1
on this date, who asserted the August 27, 2015 order was deficient

because the court provided no factual and legal conclusions. The

judge referred to the parties' counsel's telephone conference in

June 2015, saying he

 scratched out some general comments as to what
 – where [he] was going with the motion that
 [he] shared with both attorneys so that they
 were aware of what the – let's say the
 rationale was for many of the decisions that
 have been placed in this order so that [he]
 was satisfied both parties were aware of the
 – let's say the rational and the conclusions
 that were ultimately were put into this order.

Additionally, the judge stated,

 it was agreed that the Court would issue an
 order based primarily on what had been shared
 with both parties. And you know, so for
 purposes of let's say minimizing, this would
 have probably been a 50 or 60 page opinion but
 most of the conclusions and rationale had
 already been shared with the parties.

 The trial judge denied plaintiff's motion for

reconsideration, finding she had "neither alleged a palpably

incorrect or irrational basis for the prior order nor demonstrated

that it was an obvious failure by the Court to consider competent

evidence at the time of the modification hearing." Plaintiff

appealed both the August 27 and October 30, 2015 orders.

 Our standard of review is as follows. "[F]indings by the

trial court are binding on appeal when supported by adequate,

substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394,

 7 A-2542-14T1
411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co.,

65 N.J. 474, 484 (1974)). "Because of the family courts' special

jurisdiction and expertise in family matters, appellate courts

should accord deference to family court fact-finding." Id. at

413. However, "[a] trial court's interpretation of the law and

the legal consequences that flow from established facts are not

entitled to any special deference." Manalapan Realty v. Twp.

Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

 I.

 We first address the December 10, 2014 order concerning the

appointment of a therapist. Plaintiff argues the trial court

erred in entering the order, asserting she should have been

permitted to present evidence of her financial situation and the

other in-network psychologists available. We disagree.

 The best interests of the child is the court's primary

consideration in custody cases. Kinsella v. Kinsella, 150 N.J.

276, 317 (1997). When there is a "genuine and substantial factual

dispute regarding the welfare of the children," a plenary hearing

is required. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div.

2007). Here, there is no dispute the two children needed

counseling. The question properly centered upon who the therapist

should be, a decision within the court's discretion. There was

 8 A-2542-14T1
no "genuine and substantial factual dispute" requiring a plenary

hearing.

 Almost one year prior to the challenged order, defendant

initiated efforts to commence counseling. In that year, the

parties failed to agree upon a therapist. After giving the parties

many opportunities to come to an agreement, plaintiff left the

courthouse without resolution of the issue. The judge entered an

order appointing a therapist, directing defendant to pay the

entirety of the bill, and reducing defendant's support payments

by the amount of plaintiff's share of unreimbursed medical

expenses.

 Plaintiff has not established any legal error in the court's

order nor any abuse of the court's discretion. "Family Part judges

are frequently called upon to make difficult and sensitive

decisions regarding the safety and well-being of children." Id.

at 111. Family Part judges have "special expertise in family

matters" and we will "not second-guess their findings and the

exercise of their sound discretion." Ibid. Here, the Family Part

judge did not abuse his discretion in ordering defendant to pay

for the psychologist's bill, while having his child support

payments reduced to reflect plaintiff's share of unreimbursed

medical expenses, a result completely consistent with the parties'

agreement. We therefore affirm the December 10, 2014 order.

 9 A-2542-14T1
 II.

 We next address plaintiff's appeal of the August 27, 2015

order. Plaintiff argues she had no opportunity to presents facts

or argue the omnibus motion filed December 22, 2014 and ultimately

decided on August 27, 2015. Additionally, she argues the court

should not have changed custody of one child without a hearing.

Because the trial judge failed to provide a sufficient statement

of reasons in the August 27, 2015 order, we are constrained to

remand the matter for the judge to provide his reasons for granting

or denying the specific relief in the August 27 order plaintiff

challenged in her motion for reconsideration.

 Rule 1:7-4(a) states "[t]he court shall, by an opinion or

memorandum decision, either written or oral, find the facts and

state its conclusions of law thereon in all actions tried without

a jury, on every motion decided by a written order that is

appealable as of right . . . ." When a trial judge fails to

provide his or her factual findings, this court's review is impeded

and a remand is necessary. Elrom v. Elrom, 439 N.J. Super. 424,

443 (App. Div. 2015). A trial judge must make specific findings

on the record in order for this court to be "informed of the

rationale underlying his conclusion." Esposito v. Esposito, 158

N.J. Super. 285, 291 (App. Div. 1978).

 10 A-2542-14T1
 What the Family Part judge offered fell short of the

requirements of Rule 1:7-4. While some of the fifty-one items of

relief are followed by a conclusory sentence ostensibly explaining

the ruling, we are not provided any insight into the judge's

"rationale underlying his conclusion." See ibid.

 At oral argument on the motion for reconsideration, the trial

judge explained the rationale for his order was provided during a

telephonic conference between court and counsel. However, the

telephone conference was not recorded or transcribed; therefore,

the judge cannot rely upon a proceeding never memorialized as his

statement of reasons. Moreover, the parties were not present

during the telephone conference, and plaintiff was represented by

new counsel following the conference who had not been privy to

what was discussed. Rule 1:7-4 mandates the court provide a

statement of reasons. Without a statement of reasons, we cannot

meaningfully review the August 27, 2015 order, and we are

constrained to remand.

 Of particular concern is the temporary change in custody of

the child without a hearing. When modifying custody or parenting

time a party must "demonstrate changed circumstances that affect

the welfare of the children." Hand, supra, 391 N.J. Super. at

105-06. Additionally, a plenary hearing is necessary when there

is a "genuine and substantial factual dispute regarding the welfare

 11 A-2542-14T1
of the children." Ibid. However, a plenary hearing is not always

necessary. Id. at 106. When determining whether a plenary hearing

is necessary, "the threshold issue is whether the movant has made

a prima facie showing that a plenary hearing is necessary." Ibid.

 Defendant moved to modify the parties' agreement to obtain

temporary physical and residential custody of one child. It is

not clear, based upon the record, whether defendant made a showing

so clear and irrefutable a plenary hearing was not necessary,

because the judge made no factual findings or legal conclusions.

We cannot discern on what basis the temporary change in custody

was made. We note the transfer was temporary, but we recognize

almost two years have passed since the entry of this order and the

child is still residing with his father. As such, the Family Part

judge should address the issue of custody first and if a plenary

hearing is necessary, conduct such hearing as soon as possible.

 Plaintiff's additional arguments are without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed in part; remanded in part for findings consistent

with this opinion. We do not retain jurisdiction.

 12 A-2542-14T1